UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CV-23884-COOKE/TURNOFF

MIRIAM JOSEPH,
Individually and on behalf of all others
Similarly situated

    Plaintiff,

vs.

THE MORTGAGE EXPERTS
OF SOUTH FLORIDA, INC., *et al.,*

    Defendants
_____/

**ORDER GRANTING**
**DEFENDANTS' MOTION TO VACATE CLERK'S DEFAULT**

  THIS CASE is before me on the Defendants', The Mortgage Experts of South Florida, Inc. and Danny Felton, Motion to Set Aside Clerk's Entry of Default.  ECF No. 19.  I have reviewed the arguments, the record, and the relevant legal authorities.  Given the procedural history of this case, I find that good cause exists to set aside the default in this matter.

**I. BACKGROUND**

  On October 25, 2012, Plaintiff, Miriam Joseph, filed her Complaint against Defendants, The Mortgage Experts of South Florida, Inc. ("The Mortgage Experts") and Daniel Felton.  ECF No. 1.  In the Complaint, Plaintiff alleges Defendants violated the Fair Labor Standards Act and seeks unpaid federal minimum wages (Count I).  Compl. ¶¶ 1-25.

On November 28, 2012, Plaintiff served Defendants with the Summons and Complaint in this matter. Accordingly, Defendants' response was due December 19, 2012. *See* ECF Nos. 6, 7, 8, 9. On December 21, 2012, Plaintiff filed a Motion for Clerk's Entry of Default as to all Defendants for failure to respond to or answer the Complaint within 21 days of being served as required by the Federal Rules of Civil Procedure. Mot. for Default ¶¶ 1-4, ECF No. 13. The Clerk issued an Order for Entry of Default against Defendants on December 26, 2012. ECF No. 14. Plaintiff subsequently filed a Motion for Entry of Final Judgment After Default on January 28, 2013. ECF. No. 17. Shortly thereafter, Defendants filed a Motion to Set Aside Clerk's Entry of Default on January 30. ECF No. 19. In their Motion, Defendants state that they did not obtain counsel until January 30, 2013 due to their mistaken belief that a lawyer was not needed to defend The Mortgage Experts. Mot. to Set Aside ¶ 8. They claim this is as allowable, excusable neglect. *Id*. Furthermore, Defendants contend that Plaintiff would not be prejudiced as a result of setting aside the default and that they have a meritorious defense to the claims alleged in the Complaint. *Id*. ¶¶ 5-7.

## II. LEGAL STANDARD

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a ). Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause standard is to be construed liberally on a case-by-case

basis. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 951 (11th Cir. 1996).

When evaluating good cause, courts have considered multiple factors, which include: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest is implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default. *Id.* These factors are not "talismanic"; the Eleventh Circuit frequently reiterates that these factors should be seen simply as "a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (quoting *Matter of Die rschke*, 975 F.2d 181, 184 (5th Cir. 1992)).

"The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default." *In re Fortner*, No. 12-60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984)). Because of the strong policy of determining cases on their merits, the Eleventh Circuit has held defaults unfavorable. *See Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). As a result, in order to obtain relief under Rule 55(c), the movant only must make a bare minimum showing to support its claim for relief. *Fortner*, 2012 WL 3613879, at *7 (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

### III. ANALYSIS

Defendants contend that they have met the burden to show "good cause" based on the factors generally presented. Defendants claim they acted with due diligence in obtaining an attorney for The Mortgage Experts and filing its Motion to Set Aside Clerk's

3

Entry of Default upon discovery that an attorney was required for The Mortgage Experts to proceed.  *Id*. ¶ 8.  In addition, Defendants contend that setting aside the default would not prejudice Plaintiff.  Mot. to Set Aside ¶¶ 5-6.  Finally, Defendants state a meritorious defense against the claims alleged in the Complaint.  *Id*. ¶7.

Defendants have established the requisite "good cause" needed in order to vacate the clerk's default because an analysis of the essential factors weighs in their favor.  *See Griffin IT Media, Inc., v. Intelligentz Corp.*, No. 07-80535, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16 2008) (citing *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003)) (stating willfulness, prejudice, and a meretricious defense as the most oft considered factors).  First, even though Defendants may be culpable for the delay that resulted in the clerk's default entry, there is no evidence that they acted willfully.  *See You Fit, Inc. v. Pleasonton Fitness, LLC*, No. 8:12-cv-1917-JDW-EAJ (M.D. Fla. Apr. 17, 2013) (granting Motion to Set Aside Default even though defendants were solely culpable for delay that resulted in clerk's entry of default).  On the contrary, Defendant's due diligence in finding a lawyer when it was brought to their attention that one was needed is evidence that no ill will was involved in the reason for delay.  Furthermore, the ability of The Mortgage Experts to obtain a lawyer and file its motion in the same day is further evidence showing a lack of willful contempt for the judicial process.  *See Compania Dominicana*, 88 F.3d at 952 ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful").

4

Secondly, I cannot find that vacating the clerk's entry of default would prejudice Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Id*. at *3 (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). Defendants' moved to vacate the clerk's entry on January 30th, 2013; this is approximately only one and a half month later than the date their response was due (December 19, 2012). I do not find this short time span to constitute a period of length that would result in prejudicial proceedings. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case"). Here, there is no evidence suggesting that Plaintiff would be materially prejudiced.

Lastly, Defendants have alleged a meritorious defense against Plaintiff. With regard to a meritorious defense, the "[l]ikelihood of success is not the measure." *Griffin*, 2008 WL 162754, at *3 (citing *Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). Instead, where a Defendant has provided by clear statements a "hint of a suggestion" that his case has merit that is sufficient. *Id*. (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). Here, Defendants contend that neither party ever employed Plaintiff; this is a colorable argument sufficient to assert a meritorious defense. *See* Mot. to Set Aside ¶ 7.

### IV. Conclusion

Accordingly, The Defendants' Motion to Set Aside Clerk's Entry of Default (ECF No. 19) is **GRANTED**. It is **ORDERED and ADJUDGED** that the Clerk's Default

5

entered against Defendants is **VACATED.** Defendants shall file their response to Plaintiff's Complaint on or before June 17, 2013.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of May 2013.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge